UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV-15-1396-MWF            Date: December 15, 2015
Title:      Christie L. Reed -v- Wright Finlay and Zak LLP, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND JUDICIAL IMMUNITY

     Plaintiff Christie L. Reed initiated this action by filing a Complaint on July 13, 2015. (Docket No. 1). The action was assigned to this Court and referred to Magistrate Judge Jay C. Gandhi. (Docket No. 4). On July 24, 2015, Plaintiff filed Proofs of Service, indicating that two of the eight Defendants (*i.e.*, the Honorable Virginia A. Phillips, United States District Judge, and the United States District Court for the Central District of California (the "USDC")) had been served. (Docket Nos. 6–7). On July 28, 2015, by order of the Chief Magistrate Judge, this action was transferred from the calendar of Magistrate Judge Gandhi to that of Magistrate Judge Karen E. Scott for all further proceedings. (Docket No. 8).

     On October 6, 2015, Magistrate Judge Scott issued an Order advising Plaintiff that, under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be accomplished within 120 days after the Complaint is filed. (Docket No. 9). In addition, in a separate Order issued the same day, Magistrate Judge Scott indicated that Plaintiff's Proofs of Service filed on July 24, 2015, failed to comply with Federal Rule of Civil Procedure 4(i), which governs service of a summons and complaint on the United States, its agencies, corporations, officers, and employees. (Docket No. 10).

     On October 21, 2015, Plaintiff filed three additional Proofs of Service indicating that the summons and complaint had been served on Judge Phillips and the USDC via the Assistant U.S. Attorney's Office and the Office of the U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-15-1396-MWF                                Date:  December 15, 2015
Title:       Christie L. Reed -v- Wright Finlay and Zak LLP, et al.

Attorney General.  (Docket Nos. 11–13).  To date—155 days from the filing of the Complaint— Plaintiff has not filed any Proofs of Service regarding the remaining six Defendants.  Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, *in writing*, by no later than **December 28, 2015**, as to why the Court should not dismiss with prejudice Plaintiff's claims against Defendants Wright Finlay and Zak LLP, Brian P. Stewart, Michael Asatourian, Federal National Mortgage Association, Freeman Freeman and Smiley LLP, and Terry J. Kent for failure to prosecute.

In addition, the two Defendants whom Plaintiff has served to date (*i.e.*, Judge Phillips and the USDC) appear to be immune under the doctrines of judicial and sovereign immunity.

As to Judge Phillips and the USDC, the relevant allegations are contained in Paragraphs 34 to 47 of the Complaint.  (Complaint ¶¶ 34–47).  Specifically, Plaintiff alleges that, in Case No. EDCV 12-00477-VAP (SPx) (E.D. Cal.), Judge Phillips erred in dismissing Fannie Mae's claims against Plaintiff for failure to prosecute, which deprived Plaintiff the opportunity to challenge the default judgment granted against other defendants.  (Complaint ¶ 35).  Furthermore, according to Plaintiff, Judge Phillips erred by ruling that Plaintiff lacked standing to challenge the default judgment granted against other defendants.  (*Id.* ¶ 36).  Plaintiff later filed a separate action, Case No. 13-00940-VAP (SPx) (E.D. Cal.), over which Judge Phillips presided as well.  (*Id.* ¶ 35).  Plaintiff alleges that Judge Phillips further erred in dismissing Plaintiff's claims without leave to amend on grounds of futility.  (*Id.* ¶ 38).  Finally, Plaintiff alleges that Judge Phillips acted with bias and prejudice against Plaintiff because Judge Phillips had a financial interest in mortgage-backed securities generally.  (*Id.* ¶¶ 42–44).

Based on the face of the Complaint, Plaintiff's claims against Judge Phillips appear entirely barred by judicial immunity.  Anglo-American common law has long recognized judicial immunity, a "sweeping form of immunity" for acts performed by judges that relate to the "judicial process."  *Forrester v. White*, 484 U.S. 219, 225 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976).  This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-15-1396-MWF                      Date:  December 15, 2015
Title:       Christie L. Reed -v- Wright Finlay and Zak LLP, et al.

absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, *Forrester*, 484 U.S. at 227–28, or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error." *Forrester*, 484 U.S. at 225. "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review." *Id.* at 227.

    The Complaint briefly addresses the issue of judicial immunity by citing to a Tenth Circuit case for the proposition that "fraud upon the court" results in the loss of judicial immunity. (Complaint ¶¶ 46–47). However, Plaintiff's citation is inapposite. Not only is case law from the Tenth Circuit merely persuasive authority, the cited portion of the case belongs to the dissenting opinion. *See Bulloch v. United States*, 763 F.2d 1115, 1126 (10th Cir. 1985) (McKay, J., dissenting). Furthermore, the case is entirely irrelevant to the doctrine of judicial immunity but rather discusses the obligations of attorneys appearing in court as "officers of the court." *Id.*

    Furthermore, Plaintiff's claims against the USDC appear barred by the doctrine of sovereign immunity. "It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required . . . . [because] the existence of such consent is a prerequisite for jurisdiction." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (internal quotation marks and citations omitted). The Supreme Court has "frequently held . . . that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). The Complaint does not address, let alone demonstrate, how Plaintiff's claims against the USDC fall within the federal government's express waiver of sovereign immunity. *See Dunn &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV-15-1396-MWF                                 **Date:**  December 15, 2015
**Title:**        Christie L. Reed -*v*- Wright Finlay and Zak LLP, et al.

*Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007) ("Unless Dunn & Black satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed.").

Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, *in writing*, by no later than **December 28, 2015**, as to why the Court should not dismiss with prejudice Plaintiff's claims against Judge Phillips and the USDC for failing as a matter of law and barred by the doctrines of judicial and sovereign immunity.

The failure of Plaintiff to respond adequately and timely to this Order to Show Cause regarding the three issues noted above will result in the Court's dismissal of this action with prejudice.

IT IS SO ORDERED.